In the Matter of the Accounting of the Public Administrator of Kings County, as Administrator of the Estate of KATHERINE E. SCHAAF, Deceased. FRIEDA HORST et al., Appellants; ELIZABETH B. FRANCIS et al., Respondents.— In a proceeding to settle the account of the administrator of the estate of Katherine E. Schaaf, deceased, who died in 1955, a decree of the Surrogate's Court, Kings County, dated March 31, 1959, was made declaring that William H. Schaaf, a first cousin of the deceased, survived her and was a distributee of her estate; that his whereabouts are unknown; that his distributive share of the estate be deposited with the City Treasurer of the City of New York for William's benefit and to the credit of the proceeding; and that such deposit shall be subject to the further order of the Surrogate's Court. The money representing the share of the distributee William was accordingly deposited with the City Treasurer. Subsequently, and on the basis of its decision holding that May 17, 1958, is the presumptive date of William's death, the said Surrogate's Court made an order on June 13, 1960, granting the motion of the ancillary administratrix of William's estate to direct the City Treasurer to pay to her the money thus deposited with him; directing that such payment be made; and denying the cross motion, made by Frieda Horst, Clara Gardner and George Schaaf, three first cousins and distributees of the deceased Katherine, and by Myrtle Hildebrandt, administratrix of the estate of Magdalena Hildebrandt, a fourth first cousin and distributee of the deceased Katherine, to direct the City Treasurer to pay to them four-sevenths of the deposited money. The three distributees last named and the administratrix of the fourth, appeal from said order. Appellants contend: (1) that the presumptive date of death of William, namely, May 17, 1958, having been found in a proceeding to obtain letters of administration on William's estate, is not binding in the accounting proceeding in Katherine's estate (*Matter of Rowe,* 197 App. Div. 449, affd. 232 N. Y. 554); (2) that the evidence, which establishes that William disappeared in 1927 or 1929, requires findings that William died seven years thereafter, that accordingly he did not survive Katherine and was not a distributee of her estate, that the money deposited with the City Treasurer is part of Katherine's estate, and that such money may not properly be directed to be paid to William's administratrix (*Matter of Rowe, supra*; *Butler* v. *Mutual Life Ins. Co.,* 225 N. Y. 197, 203); and (3) that the decree in the accounting proceeding in Katherine's estate should be interpreted as leaving open the question of whether or not William predeceased Katherine, or if it be not thus interpreted, that the matter be remitted to the Surrogate's Court to conform the decree to the Surrogate's written decision (Surrogate's Ct. Act, § 20, subd. 6). The decree on the accounting was entered in a proceeding in which appellants were parties and in which

evidence was given that William had disappeared in 1927 or 1929. No appeal was taken from that decree, and the time within which to appeal has expired. Order affirmed, with $10 costs and disbursements to all respondents filing briefs, payable out of the estate. Since no motion was made in the Surrogate's Court to change or modify the provisions of the decree on the accounting, it must be held that appellants are bound by those provisions. This disposition, however, is without prejudice to a motion to modify the decree, if appellants be so advised. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.